IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br> 201 Maryland Avenue, NE <br> Washington, DC  20002 <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br> 935 Pennsylvania Avenue, NW <br> Washington, DC 20535 <br><br> Defendant. | Case Action No. 21-cv-932 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Defendant Federal Bureau of Investigation ("FBI") to timely and properly issue a determination resolving Plaintiff's administrative appeal, concerning Plaintiff's FOIA Request seeking the disclosure and release of agency records now improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

1

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6. Defendant FBI is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), and is a component of the United States Department of Justice (DOJ), which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).

7. Defendant FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, D.C. 20535. Defendant is in control and possession of the records sought by Plaintiff.

8. Defendant FBI has possession, custody and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

9. On December 16, 2020, Plaintiff issued FOIA requests to the FBI requesting "records pertaining to the FBI's knowledge and efforts surrounding the breaking story that the Chinese spy known as Christine Fang, or Fang Fang, had a lengthy relationship with

Representative Eric Swalwell"; as well as any records of any communications with and/or files regarding those individuals within the custody of certain FBI officials including: "James Comey, Andrew McCabe, Christopher Wray, Robert Mueller, or any Deputy Director of the FBI, including by utilizing any alias, referencing, connected to, or regarding in any way Christine Fang (or Fang Fang, or Fang) or Rep. Eric Swalwell." *See* Pl.'s FOIA Request to FBI attached hereto as Ex., A at 1, incorporated by reference as if fully set forth herein..

10. "Pursuant to DOJ FOIA regulation 28 C.F.R. §16.3(b)," Plaintiff set forth a "Background address[ing] 'the date, title or name, author, recipient, subject matter of the record[s]' requested, to the extent known." Pl.'s Ex. A, at 1 (quoting 28 C.F.R. §16.3(b)).

11. Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. A, at 3-4.

12. In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record," including "and information generated, sent, received, reviewed, stored or located on a government *or private* account or server, consistent with the holdings of *Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. No. 15-5128, July 5, 2016). *See* Pl.'s Ex. A, at 3.

13. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing." *See* Pl.'s Ex. A, at 3.

14. Plaintiff specified in its FOIA request that "unless otherwise indicated, the timeframe of records requested herein is January 1, 2011, to the date this request is processed." *See* Pl.'s Ex. A, at 3.

15. In its FOIA request, Plaintiff requested that the FBI support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a *Vaughn* Index. *See* Pl.'s Ex. A, at 4.

16. In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying each request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees. *See* Pl.'s Ex. A, at 4.

17. By letter dated December 30, 2020, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned FOIPA Request No. 1484080-000 to the request. *See* Pl.'s Ex. B, at 1.

18. By the same letter dated December 30, 2020, Defendant FBI stated it "neither confirm[ed] nor den[ied] the existence of records responsive to [Plaintiff's] request," Pl's Exh. B, at 1, generally asserting FOIA exemptions (b)(1), (b)(3), (b)(6), (b)(7)(C), (b)(7)(E), and 50 U.S.C. § 3024(i)(1), but with no application of the law to any particular request and without providing the requested *Vaughn* Index. *Id.*

19. By letter dated February 16, 2021, the Plaintiff submitted an administrative appeal to the FBI's Director of the Office of Information Policy ("OIP"). The grounds for the appeal were set forth in detail, and are incorporated herein by reference. Pl's Admin. Appeal, Exh. C.

20. Defendant had twenty (20) business days to issue a determination as to Plaintiff's administrative appeal, and after the twenty (20) days have expired or if the appeal is denied, Plaintiff is deemed to have exhausted its administrative remedies. *Oglesby v. United States Dep't of Army*, 920 F.2d 57, 65-66 (D.C. Cir. 1990) ("Following his administrative appeals, or if the

agencies do not respond within twenty days of the appeal, the appellant will be deemed to have fully exhausted his administrative remedies and may bring suit."); 5 U.S.C. § 552(a)(6)(A)(ii).

21. By letter dated March 3, 2021, the FBI acknowledged the Plaintiff's administrative appeal "regarding Request No. 1484080 on 02/26/2021." Def.'s Ack. Admin. Appeal, Exh. D.

22. Defendant assigned an appeal number of A-2021-01184, and stated, "We will notify you of the decision on your appeal as soon as we can." *Id.*

23. No other response has been received from the FBI.

24. The twenty (20) business day period for the FBI to issue a determination as to Plaintiff's administrative appeal has passed.

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

25. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

26. The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

27. Pursuant to 5 U.S.C. § 552(a)(6)(A), the Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, each Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

28. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), the Plaintiff was required to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and

5

legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection."

29. As of the date of this Complaint, the Defendant has failed to notify Plaintiff of any determination with respect to Plaintiff's appeal, as required by 5 U.S.C. § 552(a)(6)(A)(ii).

30. The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for an initial determination or an appeal determination for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

31. Defendant FBI did not assert "unusual circumstances" as to either determination.

32. There are no "unusual circumstances" that justify Defendants' prolonged delay in responding as required by law to Plaintiff's lawful FOIA requests.

33. Plaintiff has a statutory right to have Defendants process Plaintiff's FOIA request and administrative appeal in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

34. The Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

35. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

36. Through continued delay and outright failure to properly respond to Plaintiff's lawful request for records, its improper withholding of such requested records, and its failure to comply with the appeal requirements of 5 U.S.C. § 552(a)(6)(A)(ii), the Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

37. Plaintiff is being irreparably harmed by reason of the Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

38. The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel each Defendant to comply with the clear requirements of the FOIA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against the Defendant FBI, and provide Plaintiff with the following relief:

(a) An Order that the Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b) An Order that the Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c) An Order enjoining the Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d) A declaration that the Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e) An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: April 6, 2021.

Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW
  (D.C. Bar No. 496335)
   *COUNSEL OF RECORD*
JORDAN SEKULOW
  (D.C. Bar No. 991680)
STUART J. ROTH
  (D.C. Bar No. 475937)

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY
  (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Plaintiff*